UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY MARCUS MAYBERRY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-1015-DRL-MGG |
| BRIAN HOLLIS and MEA PORTER, | |
| Defendants. | |

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a complaint. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Mayberry sues law library supervisor Brian Hollis and mailroom supervisor Mea Porter, alleging that one of them was responsible for him not receiving notice of the adverse summary judgment order in *Mayberry v. Olmstead*, No. 3:19-cv-556-PPS (N.D. Ind. Sept. 20, 2022). Mr. Hollis was responsible for distributing court orders received electronically at Miami Correctional Facility, and Ms. Porter was responsible for distributing court orders received through the mail. The grievance attached to the

complaint explains that Mr. Mayberry first learned of the judgment on November 23, 2022, when he contacted someone, presumably outside of the prison, to check the internet for news on his cases. ECF 1-1. Mr. Mayberry asserts a claim for denial of access to the court because by the time he learned of the dismissal, the 30-day period to appeal the judgment had expired a month earlier.

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted, *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

Here, Mr. Mayberry cannot proceed on an access to the courts claim because his inability to appeal cannot be blamed on either Mr. Hollis or Ms. Porter. The complaint does not provide a plausible basis to infer that either of them intentionally withheld the court order to deprive him of access to the courts. But assuming one of them did, once Mr. Mayberry learned of the adverse decision, the Federal Rules of Appellate Procedure provide a process for him to petition the court to reopen the time for appeal. *See In re Fischer*, 554 F.3d 656 (7th Cir. 2009). Federal Rule of Appellate Procedure 4(a)(6) provides as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

After learning about the dismissal, Mr. Mayberry immediately began preparations to file this lawsuit and made no attempt to pursue his appellate rights in No. 3:19-cv-556-PPS. The docket in that case shows no activity after the September 20, 2022, dismissal order and judgment. The failure to move to reopen the time to file an appeal is what precluded Mr. Mayberry's chance to appeal, not the actions or inactions of these defendants.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v.*

3

*United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

April 7, 2023                                                                    *s/ Damon R. Leichty*
                                                                                          Judge, United States District Court