UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

Plaintiff,

v.

CAUSE NO. 3:22-CV-1015-DRL-MGG

BRIAN HOLLIS and MEA PORTER,

Defendants.

OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a motion to rescreen or to reconsider the complaint. ECF 14. This case was dismissed on April 7, 2023, under 28 U.S.C. § 1915A after the court determined that the complaint did not state a claim for relief. Because this motion was filed within 28 days of the judgment, Mr. Mayberry's motion will be construed as a motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 59(e). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

Mr. Mayberry filed a complaint, dated December 8, 2022, alleging that he was denied access to the court in violation of the Fourteenth Amendment by either Brian Hollis, the law library supervisor at Miami Correctional Facility, or by Mea Porter, Miami's mail room supervisor. ECF 1. He explains that he did not receive notice of the dismissal order in *Mayberry v. Olmstead*, No. 3:19-CV-556-PPS (N.D. Ind. decided Sept. 20, 2022), from the court. Instead, a family member, checking online for the status of his

cases, learned of the dismissal and informed him on November 23, 2022, that the case had been dismissed. At that point, the time to appeal had expired a month ago. He sued Mr. Hollis, who is responsible for distributing court orders received electronically, and Ms. Porter, who is responsible for distributing court orders received through the mail, concluding that one of them must have withheld the court order.

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted, *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). The court concluded that Mr. Mayberry did not state a claim against either Mr. Hollis or Ms. Porter because, assuming that one of them intentionally withheld the court order, Mr. Mayberry did not attempt to avail himself of the provision in the Federal Rules of Appellate Procedure designed for this type of situation. ECF 12 at 3. Fed. R. App. P. 4(a)(6) allows a district court to reopen the time to appeal when a party does not receive timely notice of the judgment, if other conditions are met. The record in No. 3:19-cv-556-PPS contained no post-judgment motions, and there was no other indication that Mr. Mayberry made any attempt to pursue his appellate rights. Thus, "[t]he failure to move to reopen the time to file an appeal is what precluded Mr. Mayberry's chance to appeal, not the actions or inactions of these defendants." ECF 12 at 3.

2

In his Rule 59(e) motion, Mr. Mayberry argues that the court erred in concluding that he made no attempt to revive his case. ECF 14. He alleges that on November 25, 2022, just two days after he learned of the dismissal, he prepared a notice of appeal and submitted it to prison staff members to be electronically filed with the court. When two weeks went by with no response, he asked his family to check on the case and he learned the case was still terminated and nothing about an appeal was apparent. At this point, Mr. Mayberry believed he had lost his right to appeal, and he filed this suit.[1]

Mr. Mayberry does not provide a reason to reopen this case. He explains that he attempted to contact the court after he learned of the dismissal, but the court never received that filing. That only confirms that neither Mr. Hollis nor Ms. Porter were responsible for him losing his appellate rights because there is no allegation that either of them were responsible for Mr. Mayberry being unable to appeal. The misdirection of that alleged postjudgment filing is the cause of his lost appellate rights, not the withheld notice of judgment.

---

[1] Mr. Mayberry refers to two other cases to support his claim that he attempted to revive case '556. *Mayberry v. Hall*, No. 3:22-cv-45-DRL-MGG (N.D. Ind. decided Oct. 2, 2023); *Mayberry v. Dewyer*, No. 3:22-cv-77-DRL-MGG (N.D. Ind. decided Aug. 8, 2022). But neither provides support for that proposition. Both were dismissed on August 8, 2022, after the court did not receive an amended complaint by the deadline. In both cases, Mr. Mayberry contacted the court on December 30, 2022, with a letter asking for a docket sheet, and then again on January 9, 2022, and February 1, 2022, with motions for clarification, asking if the court had received the amended complaints he said he submitted for filing in June 2022. In the '45 case, the complaint had been received but was inadvertently not docketed. The case was reopened and later dismissed for failure to exhaust. In the '77 case, no complaint had been received, so the case remained closed. It is unclear how these other cases support Mr. Mayberry's motion to reopen, as in both cases, Mr. Mayberry filed postjudgment motions and followed up when he did not receive an immediate response, in contrast with the lack of any postjudgment motions in the '556 case, the case at issue here.

Furthermore, it would be futile to reopen the case because it is apparent that Mr. Mayberry did not exhaust his administrative remedies as required by the Prisoner Litigation Reform Act before he filed suit. Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). And "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

Here, Mr. Mayberry does not say whether he filed a grievance about not receiving the court order dismissing the case. But the timeline shows that Mr. Mayberry filed suit before he could have completed the grievance process at the prison. The prison's Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Offender Grievance Process*, No. 00-

4

02-301, at p. 3 (eff. Sept. 1, 2020), available at https://www.in.gov/idoc/files/00-02-301-Offender-Grievance-Process-9-1-2020.pdfOffender-Grievance-Process. Mr. Mayberry alleges he learned of the dismissal on Wednesday, November 23, 2022. He had 10 business days to file a grievance, which, here, expired on December 8, 2022, the same day he submitted this case for filing. *See id.* at p. 9. Even if he filed a grievance the same day that he learned of the dismissal, he could not have completed the three required steps before filing suit. Alternatively, if prison officials had made his grievance process unavailable by not responding to the grievance, that process would not have been completed in 10 business days. *See id.* at 9 (an offender must wait 10 business days before following up on a grievance whose receipt was not acknowledged by the grievance office).

Thus, Mr. Mayberry has not provided a reason to reopen the case. His additional facts do not state a claim against either Mr. Hollis or Ms. Porter. But even assuming he could state a claim, it would be futile to reopen it because he filed suit before fully exhausting his administrative remedies.

SO ORDERED.

December 22, 2023                              *s/ Damon R. Leichty*
                                                                Judge, United States District Court